UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

SVETLANA KLISHINA,
Plaintiff, Pro Se,

v.

THE CITY OF NEW YORK;
DETECTIVE RYAN CACKOWSKI;
LIEUTENANT FRANCIS DEPALMA; and
AMAZON WEB SERVICES, INC.,
Defendants.

Civil Action No. **1:25-cv-05035 (PKC) (JAM)**





**FIRST AMENDED COMPLAINT**

*(Jury Trial Demanded)*

Plaintiff Svetlana Klishina ("Plaintiff"), appearing **pro se**, alleges as follows:

## I. INTRODUCTION

1. This action does **not** challenge investigative adequacy, discretionary law-enforcement decisions, or the publication of third-party content.

2. This case arises from **Defendants' post-notice conduct**, including misrepresentation, interference with lawful processes, and failure to preserve evidence within Defendants' exclusive control, which collectively **foreclosed Plaintiff's ability to pursue non-frivolous civil remedies** arising from an identified cryptocurrency fraud scheme.

3. After receiving **specific, corroborated notice** identifying the fraud infrastructure, Defendants engaged in **affirmative acts and omissions** that interfered with Plaintiff's



access to lawful processes and remedies, rather than merely declining to act.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under **28 U.S.C. § 1331**.

5. This Court has supplemental jurisdiction under **28 U.S.C. § 1367(a)**.

6. Venue is proper in this District under **28 U.S.C. § 1391(b)**.

## III. PARTIES

7. Plaintiff **Svetlana Klishina** is a resident of New York.

8. Defendant **City of New York** operates the New York City Police Department ("NYPD") and maintains investigative and record-keeping systems relevant to this action.

9. Defendant **Detective Ryan Cackowski** is an NYPD detective who exercised authority over Plaintiff's criminal complaint after notice.

10. Defendant **Lieutenant Francis DePalma** is an NYPD supervisory officer who exercised authority over investigative handling and closure decisions after notice.

11. Defendant **Amazon Web Services, Inc. ("AWS")** provides cloud infrastructure, account services, billing, and system logging for customer-controlled resources.

## IV. FACTUAL ALLEGATIONS

### A. The Fraud

12. Plaintiff was the victim of a cryptocurrency fraud scheme operating through domains including **Intellisoft.rest** and **Intellisoft.one**.

2

13. The fraud infrastructure utilized cloud-hosted resources associated with **IP address 54.179.240.194.**

14. Plaintiff sustained cryptocurrency losses traceable to wallets and transaction pathways associated with that infrastructure.

**B. Notice to Defendants**

15. On **March 7, 2025**, a certified cybercrime report (**CYBERA reference c7a00295ba26**) was transmitted to the NYPD 120th Precinct by **CYBERA.**

16. The transmission identified specific fraud indicators, including **Intellisoft.rest, Intellisoft.one,** and **IP address 54.179.240.194**, and included third-party forensic documentation.

17. In March 2025, Plaintiff submitted incident information concerning an online cryptocurrency fraud scheme to **CYBERA**, an independent cybercrime reporting and victim-referral organization that assists victims of online financial **cryptocurrency-based** fraud by preparing and certifying structured cybercrime reports and transmitting them to appropriate federal and local law-enforcement agencies.

18. Following Plaintiff's submission, **CYBERA prepared and certified a cybercrime report** (CYBERA Reference No. c7a00295ba26) identifying specific fraud infrastructure and associated transaction data. On or about **March 7, 2025**, CYBERA transmitted the certified report to relevant authorities, including federal law-enforcement task forces and the **NYPD's 120th Precinct**.

19. The certified **CYBERA** report identified specific cryptocurrency fraud indicators, including the domains **Intellisoft.rest** and **Intellisoft.one**, and the associated IP address **54.179.240.194**, and included third-party forensic documentation supporting those identifiers. Plaintiff was advised by CYBERA to file a local criminal complaint with the New York City Police Department for further investigation.

20. In June 2025, Plaintiff appeared in person at the NYPD's 120th Precinct and submitted a criminal complaint, bringing with her a copy of the certified **CYBERA** report and an accompanying federal referral letter. Those materials were provided at the precinct at the time of Plaintiff's in-person submission but were not provided to the assigned detective. After Detective Ryan Cackowski was later assigned to the matter, Plaintiff transmitted the same **CYBERA** report and referral letter to him by email upon his initial contact with her.

### C. Post-Notice Conduct by NYPD

21. After receiving no substantive response for approximately one month, Plaintiff followed up with Detective Cackowski seeking a case update and confirmation of the assigned case number. Notwithstanding Plaintiff's in-person submission and subsequent electronic transmission, these materials were not incorporated into the investigative file, were not referenced in case-closure communications, and were not produced in response to Plaintiff's later FOIL request.

22. Separately, on **February 14, 2025**, Plaintiff submitted an abuse report to **AWS Trust & Safety** identifying the same fraud infrastructure, including IP address **54.179.240.194** and the associated domains **Intellisoft.rest** and **Intellisoft.one**.

23. The AWS abuse report generated an internal abuse ticket and conveyed specific infrastructure identifiers sufficient to trigger internal review. *At the time of Plaintiff's abuse report, government agencies had publicly warned that "pig-butchering" cryptocurrency fraud schemes commonly rely on cloud-hosted infrastructure and that prompt preservation of technical records is critical to enable victim remediation and appropriate law-enforcement referral.*

24. On July 16, 2025, Lieutenant Francis DePalma communicated the closure of Case No. 2025-120-5286 to Plaintiff by email transmitted from a personal mobile device, rather than through an official archival NYPD communication or case-management system.

25. The closure communication followed receipt of the identified domains and IP address and did **not** reference any documented investigative steps addressing those identifiers.

26. *After the July 16, 2025 closure of Case No. 2025-120-5286*, Plaintiff submitted a FOIL request seeking intake and investigative records, including DD-5 forms, associated with the case. NYPD did not produce those records or explain their absence, despite their generation and retention being within NYPD's exclusive control at the time of closure.

27. The combination of post-notice representations, non-archival closure, and non-production of intake records occurred while the relevant records remained under **NYPD's exclusive control.**

28. Post-notice conduct by AWS occurred while NYPD-controlled records remained unpreserved.

### D. Post-Notice Conduct by AWS

29. Following the **February 14, 2025** abuse notice, AWS maintained exclusive control over account, billing, and system logging for infrastructure associated with IP address 54.179.240.194.

30. AWS retained **CloudTrail and related system logs** reflecting access, configuration, and usage of the identified infrastructure.

31. AWS also maintained **billing and account metadata** identifying the customer accounts associated with that infrastructure.

32. After receipt of the abuse report identifying specific fraud infrastructure, AWS did not impose a preservation hold on CloudTrail logs or related account records associated with the identified IP address and domains. Following submission of the abuse report, Plaintiff sent additional communications to AWS seeking information concerning the ownership and control of the identified domains and infrastructure. AWS did not provide any substantive response identifying the responsible account holders or indicating that

5

preservation measures had been implemented.

33. By June 2025, within AWS's ordinary log-retention window following receipt of Plaintiff's **February 14, 2025** abuse report, relevant logs were rotated or rendered unavailable pursuant to AWS's internal retention practices, after AWS received specific notice identifying the fraud infrastructure and while AWS retained exclusive control over those records.

### E. Foreclosure of Remedies

34. The DD-5 records generated by NYPD after notice were material to establishing **chain-of-custody, investigative acknowledgment, and referral pathways** necessary to pursue civil remedies.

35. The CloudTrail logs and AWS account records were material to identifying the **accounts, access patterns, and control** of the fraud infrastructure necessary to pursue civil recovery and injunctive relief.

36. The post-notice non-preservation and unavailability of these records **foreclosed Plaintiff's ability to meaningfully pursue non-frivolous civil claims** arising from the fraud.

## V. CLAIMS FOR RELIEF

### COUNT I

**42 U.S.C. § 1983 – Denial of Access to Courts**
*(Against Cackowski and DePalma)*

37. Plaintiff re-alleges paragraphs **1–36**.

38. After receiving notice identifying specific fraud infrastructure, Defendants Cackowski and DePalma exercised control over investigative records and closure decisions.

39. Defendants' post-notice representations, non-archival closure, and failure to preserve intake records **interfered with Plaintiff's access to lawful processes**.

40. These acts frustrated Plaintiff's ability to pursue **non-frivolous civil remedies** and rendered those remedies ineffective.

## COUNT II

**Monell Liability**
*(Against the City of New York)*

41. Plaintiff re-alleges paragraphs 1–40.

42. The City of New York maintained **policies, customs, or practices** governing investigative record-handling and case closure that permitted post-notice closure of criminal complaints **without preservation of intake records**, and permitted **non-archival communications** to substitute for formal investigative documentation.

43. Upon information and belief, the non-production of DD-5 intake and investigative records in response to Plaintiff's FOIL request reflected **standardized NYPD record-handling and case-closure practices** applicable to similarly situated complaints, rather than an isolated departure from established procedures.

44. These policies, customs, or practices were a **moving force** behind the interference with Plaintiff's access to lawful processes and remedies.

45. The actions of Defendants Cackowski and DePalma were reviewed, approved, or ratified at the supervisory level, as reflected by the decision to close Case No. 2025-120-5286 after notice through non-archival channels without preservation of intake or investigative records, reflecting institutional acceptance and implementation of the challenged practices **as applied to Plaintiff's complaint**.

## COUNT III

**Negligence – Operational Conduct**
*(Against Amazon Web Services, Inc.)*

46. Plaintiff re-alleges paragraphs 1–36.

47. After receiving specific abuse notice identifying fraud infrastructure and while retaining exclusive control over operational logs and account records material to foreseeable civil proceedings, AWS was required to exercise reasonable care under the circumstances in the handling and retention of those records in light of foreseeable civil proceedings.

48. AWS breached that duty by failing to impose preservation measures and allowing **system logs and account records** to become unavailable after notice.

49. The breach foreseeably caused harm by **foreclosing Plaintiff's ability to trace the fraud infrastructure and pursue recovery.**

## VI. DAMAGES

50. Plaintiff suffered cryptocurrency losses.

51. Plaintiff incurred costs associated with tracing and attempted recovery.

52. Plaintiff suffered emotional distress.

53. Plaintiff lost the opportunity to pursue civil remedies rendered ineffective by post-notice interference.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Compensatory damages;
B. Declaratory relief;
C. Costs and fees as permitted by law;
D. Such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** January 14, 2026
**Respectfully submitted,**

*/s/ Svetlana Klishina*

**SVETLANA KLISHINA**
Plaintiff, Pro Se
240 VICTORY BLVD, STATEN ISLAND, NY 10301
AWESOMEPUNTACANA@AOL.COM